IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**FILED**

MAR 2 0 2003

CLERK

| | |
|---|---|
| CRYSTAL KIRKIE, DARLA FALLIS, and CHRISTINE OBAGO,<br><br>      Plaintiffs,<br><br>          v.<br><br>BUFFALO COUNTY; DONITA LOUDNER, LLOYD LUTTER, and RONALD PETERSEN in their official capacities as members of the BUFFALO County Commission; and ELAINE WULFF, in her official capacity as Auditor of Buffalo County,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 03-3011<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### NATURE OF THE CASE

1.    This is an action brought by three Native American voters challenging the county commission districts in Buffalo County, South Dakota.  The plaintiffs allege that the current districts are malapportioned in violation of the one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution.  The Plaintiffs further allege that the districts were adopted and are being maintained for the purpose of ensuring that the county's non-Indian minority retains political control over the county's Indian majority in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

The plaintiffs seek declaratory and injunctive relief prohibiting any further use of the existing districts, and they ask the Court to order that a special election be held under districts which comply with state and federal law.

JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3) & (4), and 2201.

3.    This suit is authorized by 42 U.S.C. §§ 1973j(f) & 1983.

4.    Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.    Venue is proper in the District of South Dakota pursuant to 28 U.S.C. § 1391(b).

PARTIES

6.    Plaintiff Crystal Kirkie is a Native American, a qualified elector and a resident of Buffalo County, South Dakota. She is the Secretary of the Crow Creek Sioux Tribe and a member of the Crow Creek Tribal Council.  She lives in Commission District 3.

7.    Plaintiff Darla Fallis is a Native American, a qualified elector and a resident of Buffalo County, South Dakota.  She is the Treasurer of the Crow Creek Sioux Tribe and a member of the Crow Creek Tribal Council.  She lives in Commission District 3.

8.    Plaintiff Christine Obago is a Native American, a qualified elector and a resident of Buffalo County, South Dakota.

2

She is the Finance Officer of the Crow Creek Sioux Tribe. She lives in Commission District 3.

9. Defendant Buffalo County is a political subdivision of the state of South Dakota and is capable of suing and being sued in its own name.

10. Defendants Donita Loudner, Lloyd Lutter, and Ronald Petersen are members of the Buffalo County Commission and are jointly responsible for redistricting the Buffalo County Commission following the decennial census. They are sued in their official capacities only.

11. Defendant Elaine Wulff is the County Auditor of Buffalo County and is primarily responsible for the conduct of county elections. She is sued in her official capacity only.

12. The defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

FACTUAL BACKGROUND

13. Buffalo County is located in central South Dakota and encompasses most of the Crow Creek Indian Reservation.

14. According to the 2000 Census, Buffalo County is the poorest county in the United States.

15. Buffalo County is governed by a three-member County Commission elected from within three single-member districts. Each commissioner is elected by the voters of his or her district.

3

16.   The existing districts were adopted by the Buffalo County Commission prior to 1990.

17.   The total population of Commission District 1 is 101 persons, of whom none are Native American or Native American plus one other race according to the 2000 Census.

18.   The total population of Commission District 2 is 353 persons, of whom 199, or 56.37%, are Native American or Native American plus one other race according to the 2000 Census.

19.   The total population of Commission District 3 is 1578 persons, of whom 1493, or 94.61%, are Native American or Native American plus one other race according to the 2000 Census.

20.   The total population of Buffalo County is 2032 persons, of whom 1692, or 83.27%, are Native American or Native American plus one other race according to the 2000 Census.

21.   The one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution requires state and local government officials to make an honest and good faith effort to create voting districts for elective offices "as nearly of equal population as is practicable" so that each person's vote will be given equal weight in the election of officials.

22.   Under the one-person-one-vote standard, the ideal size for a county Commission district in Buffalo County is 677 persons according to the 2000 Census.

23.   Compliance with the one-person-one-vote principle is measured in terms of the total deviation from equality (the

4

population of the largest district in a redistricting plan minus the population of the smallest district) and is most often expressed as a percentage of ideal district size.

24.   Total deviations of greater than 10% are presumptively unconstitutional.

25.   The total deviation of the existing county commission districts in Buffalo County is greater than 218%.

26.   South Dakota law requires a board of county commissioners to redistrict "at its regular meeting in February of each year ending in the numeral 2 . . .  if such change is necessary in order that each district shall be as regular and compact in form as practicable and it shall so divide and redistrict its county that each district may contain as near as possible an equal number of residents, as determined by the last preceding federal decennial census."  S.D.C.L. § 7-8-10.

27.   On or about February 5, 2002, the Buffalo County Commission decided that the existing districts "were as regular and compact in form as practicable and required no change" under S.D.C.L. § 7-8-10.

28.   Native Americans in Buffalo County are sufficiently numerous and geographically compact that they could constitute an effective majority in two or more single-member commission districts.

29.   Native Americans in Buffalo County are politically cohesive in that they tend to vote as a bloc.

5

30. White voters in Buffalo County are politically cohesive in that they tend to vote as a bloc.

31. Candidates preferred by Native Americans in Commission District 2 are usually defeated by an effective white majority voting as a bloc.

32. Historically, Native Americans in Buffalo County have been subject to official discrimination that touched their right to register, to vote, or otherwise to participate in the democratic process.

33. Voting in Buffalo County is racially polarized.

34. Buffalo County has used voting practices or procedures that enhance the opportunity for discrimination against Native Americans.

35. Historically, Native Americans in Buffalo County have been subject to private as well as official discrimination on the basis of race, tribal, and language-minority status, including discrimination in the exercise of their right to vote and to participate equally with other residents in the political processes.

36. Native Americans in Buffalo County bear the effects of discrimination on the basis of race and tribal status in education, housing, employment, and health services which have resulted in a lower socioeconomic status which hinders their ability to participate effectively in the political process.

6

37. Native Americans in Buffalo County and South Dakota have common socioeconomic characteristics, a common and distinct history, a distinct quasi-sovereign tribal status, a unique political status under the treaties, laws, and executive orders of the United States, and a special trust relationship with the United States.

38. Native Americans in Buffalo County have been discouraged from running for the county commission.

39. All of the current county commissioners were elected from the existing districts.

40. The next general election for county commissioner in Buffalo County is scheduled for June 2004.

CLAIM ONE

41. Further use of the existing commission districts in Buffalo County, South Dakota, violates rights guaranteed to the plaintiffs by the one-person-one-vote standard of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

CLAIM TWO

42. The existing commission districts in Buffalo County, South Dakota, were enacted and are being maintained with the discriminatory purpose of denying or abridging the right of Native Americans to vote on account of race or color in violation of rights guaranteed to the plaintiffs by the Fourteenth and Fifteenth Amendments to the United States Constitution.

7

RELIEF

43.  A real and actual controversy exists between the parties.

44.  The plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

45.  The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

(1)  take original jurisdiction over this case;

(2)  enter a declaratory judgment that the existing commission districts in Buffalo County, South Dakota, violate Section 2 of the Voting Rights Act, as amended, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

(3)  enjoin the defendants from conducting any future elections for the Buffalo County Commission under existing commission districts;

(4)  enjoin the defendants from failing to conduct elections for Buffalo County Commission in a timely fashion under an election plan and schedule that complies with Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution;

(5)   in the event that the defendants fail or are unable to conduct elections in a timely fashion pursuant to an election plan and schedule that complies with Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments to the United States Constitution, implement a court-ordered election plan and schedule of elections;

(6)   authorize the appointment of Federal examiners pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(a);

(7)   award the plaintiffs nominal damages;

(8)   award the plaintiffs the cost of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1973l(e) & 1988;

(9)   retain jurisdiction of this action pursuant to Section 3(c) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(c); and

(10)  grant the plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the County Commission in Buffalo County, South Dakota.

Respectfully submitted,


BRYAN SELLS
LAUGHLIN McDONALD
NEIL BRADLEY
MEREDITH BELL
American Civil Liberties Union
    Foundation, Inc.
2725 Harris Tower
233 Peachtree Street
Atlanta, Georgia  30303
(404) 523-2721


PATRICK DUFFY
Duffy & Duffy
P.O. Box 8027
Rapid City, SD  57709-8027
(605) 342-1963

ATTORNEYS FOR THE PLAINTIFFS