

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

CRYSTAL KIRKIE, et al.,

    Plaintiffs,

                                                            Civil Action No. 03-CV-3011

BUFFALO COUNTY et al.,

    Defendants.

## CONSENT DECREE

    This is an action brought by three Native American voters challenging the county commission districts in Buffalo County, South Dakota. The plaintiffs alleged that the challenged districts were malapportioned in violation of the one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution. The plaintiffs further alleged that the districts were adopted or were being maintained for a discriminatory purpose in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution. The plaintiffs sought declaratory and injunctive relief prohibiting any further use of the existing districts, and they asked the Court to order that a special election be held under districts which comply with state and federal law.

    The parties have agreed to settle this case without further litigation and have moved the Court for entry of judgment by consent decree as provided herein. Upon consideration of this motion, and for good cause shown, it is the opinion of this Court that the motion should be granted.

    Accordingly, and based upon the consent and agreement of the parties, the Court makes the following findings:

1.    This Court has original jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a) (3) & (4), and 2201.

2.    This suit is authorized by 42 U.S.C. §§ 1973j(f) & 1983.

3.    Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in the District of South Dakota pursuant to 28 U.S.C. § 1391(b).

5. Plaintiffs Crystal Kirkie, Dana Fallis and Christine Obago are Native Americans, qualified electors and residents of Buffalo County, South Dakota.

6. Defendant Buffalo County is a political subdivision of the state of South Dakota and is capable of suing and being sued in its own name.

7. Defendants Donita Loudner, Lloyd Lutter, and Ronald Petersen are members of the Buffalo County Commission and are jointly responsible for redistricting the Buffalo County Commission following the decennial census. They are sued in their official capacities only.

8. Defendant Elaine Wulff is the County Auditor of Buffalo County and is primarily responsible for the conduct of county elections. She is sued in her official capacity only.

9. The defendants, both personally and through the conduct of their agents, servants and employees, were acting under color of state law at all times relevant to this action.

10. Buffalo County is governed by a three-member County Commission elected from within three single-member districts. Each commissioner is elected by the voters of his or her district.

11. The districts used in the 2002 election, which were in effect at the outset of this litigation, were adopted by the Buffalo County Commission prior to 1990. A map of those districts is attached hereto as Appendix A.

12. The total population of Commission District 1 in the pre-1990 plan was 101 persons, of whom none are Native American or Native American plus one other race according to the 2000 Census.

13. The total population of Commission District 2 in the pre-1990 plan was 353 persons, of whom 199, or 56.37%, are Native American or Native American plus one other race according to the 2000 Census.

14. The total Population of Commission District 3 in the pre - 1990 plan was 1578 persons, of whom 1493, or 94.61%, are Native American or Native American plus one other race according to the 2000 Census.

15. The total deviation of the pre-1990 plan was greater than 218%.

16. The pre-1990 plan was malapportioned in violation of the one-person-one-vote standard of the Fourteenth Amendment to the United States Constitution.

17. South Dakota law requires a board of county commissioners to redistrict "at its regular meeting in February of each year ending in the numeral 2 . . . if such change is necessary

in order that each district shall be as regular and compact in form as practicable and it shall so divide and redistrict its county that each district may contain as near as possible an equal number of residents, as determined by the last preceding federal decennial census." S.D.C.L. § 7-8-10.

18. On or about February 5, 2002, the Buffalo County Commission decided that the pre-1990 districts "were as regular and compact in form as practicable and required no change" under S.D.C.L. § 7-8-10.

19. All of the current county commissioners were elected from the pre-1990 districts.

20. After the filing of this lawsuit, on May 6, 2003, the Buffalo County Commission voted to adopt a new redistricting plan. That plan is attached hereto as Appendix B.

Based upon the foregoing, it is ORDERED, ADJUDGED, and DECREED as follows:

21. The pre-1990 county commission districts in Buffalo County, South Dakota, violated the Fourteenth and Fifteenth Amendments to the United States Constitution.

22. The defendants are Ordered to use the redistricting plan attached hereto as Appendix B in all future elections for the Buffalo County Commission until the Buffalo County Commission shall enact a new plan for electing members of the Commission that complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the one-person-one-vote standard of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; provided, however, that the Commission shall not enact a new plan before January 1, 2005.

23. The defendants are Ordered to use the precincts and polling places attached hereto as Appendix E in all future elections for the Buffalo County Commission until the Buffalo County Commission shall enact new precincts and polling places which comply with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973; provided, however, that the Commission shall not enact a new plan before January 1, 2005.

24. The defendants are Ordered to conduct a special election for two seats in the county commission Districts number One and number Three, according to the schedule set out in Appendix C. All Commissioners specially elected shall continue in office until their successors are elected or appointed pursuant to state law. Except as specifically altered by the terms of this Consent Decree, state law shall govern the special election for members of the Buffalo County Commission. The current members of the Commission shall continue to hold office until they are succeeded pursuant to state law, as modified by Appendix C, and during their tenure in office shall possess and exercise all powers and duties conferred upon them by state law.

25. The defendants are Ordered to publish all future state required election notices (notices of vacancies, notices of elections, etc.) in the locations set forth in Appendix D in addition

to the locations required by state law.

26. Pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(a), and for the purpose of enabling the appointment of Federal election monitors to oversee the aforementioned special election, this Court authorizes the appointment of Federal examiners by the Director of the Office of Personnel Management in accordance with 42 U.S.C. § 1973d to serve until January 1, 2013.

27. This Court shall retain jurisdiction of this action pursuant to Section 3(c) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973a(c) until January 1, 2013.

28. This Consent Decree shall be binding upon the parties, their successors, agents, attorneys and assigns.

With respect to the plaintiffs' claim for attorneys' fees, it is further ORDERED as follows:

29. The plaintiffs in this litigation are "the prevailing party" within the meaning of 42 U.S.C. § 1988 and are thereby entitled under that statute to a "reasonable attorney's fee."

30. Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920, the plaintiffs, as the prevailing party, are also entitled to recover their costs and reasonable expenses.

31. No special circumstances exist in this case which would make such an award unjust.

32. The amount of $13,500.00 is a reasonable award of fees, costs and expenses for this case.

This cause shall be administratively closed and is removed from the Court's docket.

DONE, this the 10th day of February, 2004.

_____
CHARLES B. KORNMANN
UNITED STATES DISTRICT JUDGE

We consent:

_____
BRYAN SELLS
LAUGHLIN McDONALD
NEIL BRADLEY
MEREDITH BELL
American Civil Liberties
Union

_____
PATRICK DUFFY
Duffy & Duffy
P.O. Box 8027
604 Mt. Rushmore Road
Rapid City, SD 57709—8027
(605) 342973

Foundation, Inc.
2725 Harris Tower
233 Peachtree Street
Atlanta, Georgia 30303
(404) 523—2721

ATTORNEYS FOR THE PLAINTIFFS

_____
DAVID V. NATVIG
P.O. Box 167
709 South Main
Kimball, SD 57355
605-778-6316

_____
JONATHAN K. VAN PATTEN
PO Box 136
Nemo, SD 57759
605-578-1726

ATTORNEYS FOR THE DEFENDANTS



Appendix A





APPENDIX E

PRECINCTS AND POLLING PLACES

1. The precincts are identified on the attached maps.

2. The polling place for Precinct A shall be at a location and site to be determined by the Buffalo County Commission.

3. The polling place for Precinct B shall be located in or near the Crow Creek District Community Building at a site to be determined by the Buffalo County Commission.

4. The polling place for Precinct C shall be located in Fort Thompson, South Dakota, at a site to be determined by the Buffalo County Commission.





APPENDIX D

ELECTION NOTICES

1.  The defendants shall publish all state-required election notices (notices of vacancies, notices of elections, etc.) in the following locations in addition to the locations required by state law:

    (a) Lynne's DakotaMart in Fort Thompson;
    (b) the U.S. Post Office in Fort Thompson;
    (c) Shelby's Mini-Mart in Fort Thompson;
    (d) Hunkpati Road Stop in Fort Thompson;
    (e) the BIA office in Fort Thompson;
    (f) the IHS clinic in Fort Thompson;
    (g) the Lode Star Casino;
    (h) the Crow Creek Sioux Tribe Finance Office;
    (i) the Crow Creek Sioux Tribe Administration Building;
    (j) the Crow Creek Sioux Tribe Housing Authority; and
    (k) the Crow Creek District Community Building.